IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**JO A. HAMBY**                                                                                         **PLAINTIFF**

**v.**                                                    CIVIL ACTION NO. 1:19-CV-142-MPM-DAS

**WINSTON COUNTY, MISSISSIPPI D/B/A**
**WINSTON-CHOCTAW COUNTY REGIONAL**
**CORRECTIONAL FACILITY**                                             **DEFENDANT**

## COMPLAINT
### JURY TRIAL DEMANDED

      **COMES NOW** the Plaintiff, Jo Ann Hamby, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under the Americans with Disabilities Act of 1990 (ADA), and the Age Discrimination in Employment Act of 1967 (ADEA), against Defendant, Winston County, Mississippi d/b/a Winston-Choctaw County Regional Correctional Facility. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### THE PARTIES

      1.     Plaintiff, Jo A. Hamby, is an adult female who resides in Attala County, Mississippi.

      2.     Defendant, Winston County, Mississippi d/b/a Winston-Choctaw County Regional Correctional Facility, may be served with process by serving the President of the Winston County Board of Supervisors, Luke Parkes, 113 West Main Street, Louisville, MS 39339.

### JURISDICTION AND VENUE

      3.     This Court has federal question and civil rights jurisdiction and venue is

proper in this court.

4. Plaintiff timely filed a Charge of Discrimination with the EEOC on February 12, 2019, a true and correct copy of which is attached as Exhibit "A." On May 3, 2019, the EEOC issued a Dismissal and Notice of Rights, a true and correct copy of which is attached as Exhibit "B."

5. Plaintiff timely files this cause of action within the appropriate statute of limitations for claims arising under the ADEA and ADA.

## STATEMENT OF FACTS

6. Plaintiff is a 65-year old Caucasian female from Attala County.

7. Plaintiff was hired by Defendant as a Correctional Officer on November 29, 2016.

8. Prior to being hired by the Defendant, Plaintiff was a Correctional Officer at Walnut Grove Correctional Facility for 11 years. As such, Plaintiff was more than qualified for her position.

9. On May 2, 2018, Plaintiff filed a complaint against Captain Teresa Carter for making continued comments towards her about being too old to work and asking Plaintiff when she plans on retiring.

10. Although Plaintiff complained about these comments to Warden Neal Higgason and Deputy Warden Patricia Whitcomb, the Defendant failed to do anything about the ageist comments.

11. On July 12, 2018, at around 3pm, Correctional Officer Barbara Carter, approached Plaintiff from behind and slammed Plaintiff's body into a steel metal wall.

12. Plaintiff was injured in the incident and reported it to Lieutenant Joel

Triplett, Deputy Warden Patricia Whitcomb, and Warden Neal Higgason.

13. The incident was captured on surveillance video and was reviewed.

14. Despite Plaintiff being injured, Plaintiff was not taken out for any medical treatment.

15. Plaintiff initiated pursuing medical treatment the following day.

16. Plaintiff has been seeing Dr. Jimmie Wolfe, a Neurologist at UMMC, and has been suffering from nervousness, frequent severe headaches, vision and balance problems, neck and head pain, all due to the on-the job injury.

17. Plaintiff filed for Workman's Compensation and is pursuing the claim.

18. Since that incident, CO Barbara Carter continues to harass, bully, and even threaten Plaintiff that she will push her again.

19. On December 4, 2018, Hamby filed an incident statement, where she officially documented the incident that occurred on July 12, 2018, and how Barbara Carter physically assaulted her.

20. On December 13, 2018, Plaintiff was placed on paid Administrative leave with pay pending results from a Physical and Cognitive Exam.

21. Warden Higgason told Plaintiff she was on extended leave because of her medical problems and specifically because of vision problems due to the injury Plaintiff incurred in July, when Correctional Officer Barbara Carter slammed Plaintiff into a steel metal wall.

22. Defendant placed Plaintiff on extended leave as retaliation because she complained to Warden Neal Higgason and Deputy Warden Patricia Whitcomb about age discrimination and for filing a complaint against CO Barbara Carter for

3

physically assaulting her.

23. After Plaintiff underwent a medical exam as part of her worker's compensation claim stemming from her on-the-job injury, Plaintiff was cleared to return to work duty.

24. On January 12, 2019, Terry Porter-Harris from Human Resources called Plaintiff and informed Plaintiff she could return to work.

25. On January 28, 2019, while at work, Plaintiff slipped and fell when she was carrying some trays.

26. Plaintiff was taken to the emergency room at Winston County Hospital and was seen by Dr. McCullum.

27. The doctor told Plaintiff to take four days off from work.

28. Plaintiff returned to work on Friday, February 1, and worked through that weekend.

29. On February 6, 2019, Plaintiff went to the doctor for a sinus infection and received several shots as treatment for her sinus infection. Because the shots made Plaintiff drowsy, Plaintiff did not return to work until the next day, February 7, 2019.

30. When Plaintiff returned to work on February 7, 2019, Lieutenant Joel Triplett directed Plaintiff to leave the facility.

31. On February 8, 2019, Plaintiff received a letter from Warden Higgason stating that the Defendant had terminated Plaintiff effective February 5, 2019.

32. That same day, Plaintiff received a phone call from Warden Higgason who informed Plaintiff that her termination was based on Deputy Warden Whitcomb's assessment regarding the effects of Plaintiff's medication and her ability to count and

read numbers.

33. Warden Higgason based his decision on an several so-called incidents.

34. One incident happened on January 14, 2019, when Plaintiff reported to work and allegedly clocked in under an incorrect number; however, Plaintiff did not clock in at all that day.

35. A second and third incident happened on January 20th and 28th, when Plaintiff allegedly called out the incorrect door numbers to the control operator. However, Plaintiff believed she called out the door numbers out correctly and the operator refused to open the doors.

36. Plaintiff filed for unemployment benefits with the Mississippi Department of Employment.

37. On April 9, 2019, a hearing before the MDES administrative judge was held.

39. The determination of the MDES was that the evidence presented by the Defendant in the hearing was insufficient and that Plaintiff was eligible for benefits based on the reason for separation from Defendant.

40. The Defendant violated the ADA by terminating Plaintiff based on her disability and/or perceived disability.

41. The Defendant's actions constitute intentional discrimination on the basis of age in violation of the ADEA. Specifically, Plaintiff is over the age of 40 and is more than qualified for her position with Defendant.

### COUNT I: VIOLATION OF THE ADA – THE AMERICANS WITH DISIBILITIES ACT OF 1990

42. Plaintiff re-alleges and incorporates all averments set forth in paragraphs

1 through 41 above as if fully incorporated herein.

43. The Defendant violated the ADA by terminating Plaintiff based on her disability and/or perceived disability.

44. The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT II: VIOLATION OF THE ADEA – AGE DISCRIMINATION IN EMPLOYMENT ACT

45. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 44 above as if fully incorporated herein.

46. Defendant's actions constitute intentional discrimination on the basis of age in violation of the ADEA. Specifically, Plaintiff is over the age of 40 and is more than qualified for her position with Defendant.

47. The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages and reinstatement; or
2. Future wages in lieu of reinstatement;
3. Compensatory damages;
4. Liquidated damages;
5. Punitive damages;
6. Attorney's fees;
7. Lost benefits;
8. Pre-judgment and post-judgment interest;
9. Costs and expenses; and
10. Such further relief as is deemed just and proper.

THIS the 29th day of July 2019.

                                    Respectfully submitted,

                                    Jo A. Hamby, Plaintiff

By: _____
                                    Louis H. Watson, Jr.  (MB# 9053)
                                    Nick Norris (MB# 101574)
                                    Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web: www.watsonnorris.com